**GOLDSTON CORPORATION,**
Appellant,

v.

**Jesus HERNANDEZ, Appellee.**

No. 13–85–287–CV.

Court of Appeals of Texas,
Corpus Christi.

June 12, 1986.

Rehearing Denied Aug. 29, 1986.

Before SEERDEN, UTTER, and BENA-VIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellant challenges the damages awarded to appellee, its former employee, in a Jones Act case.[1] The trial court found appellant negligent in an incident which resulted in the amputation of appellee's left great toe, and entered judgment for $150,-000. We affirm.

By its first point of error, appellant alleges that the court erred in making an award for future loss of earning capacity, claiming that the evidence was insufficient to apply federal law, which it alleges controls the damages. By its second point, appellant alleges that the court erred in awarding damages for past and future physical impairment in addition to future loss of earning capacity, because it made no finding of the degree to which his physical impairment will affect his earning capacity. By point three, appellant attacks the findings on past and future disfigurement and on past and future pain and on suffering and mental anguish.

The trial court filed findings of fact and conclusions of law on April 29, 1985. We find no request for additional or amended findings in accordance with TEX.R.CIV.P. 298. The amounts awarded for the elements of damages are: $100,000 for past and future physical pain and mental anguish, $5,000 for past loss of earnings, $40,000 for loss of earning capacity, $25,-000 for past and future disfigurement, $10,000 for future medical expenses, and $50,000 for past and future physical impairment. The court found that, after crediting appellant with previous payments, appellee was entitled to a $150,000 judgment.

Under points one and two, appellant specifically argues that the trial court did not determine appellee's work-life expectancy, replicate appellee's lost stream of future income, determine the effect, if any, of the

T. Mark Blakemore, Royston, Rayzor, Vickery & Williams, Brownsville, for appellant.

Gerald H. Beckman, Huerta, Beckman, Rodriguez & Munoz, B. Mills Latham, Latham & Moss, Corpus Christi, for appellee.

1. 46 U.S.C.A. § 688 (West Supp.1986).

impairment on his ability to earn money, and adjust for income taxes appellee would have paid. Thus, appellant argues that the evidence supporting the findings was insufficient under *Culver v. Slater Boat Co.*, 722 F.2d 114, 117 (5th Cir.1983).

Appellant assumes that since the Jones Act, federal law, controls the substantive issues in the case, that federal law controls the calculation of damages. However, the state courts do not surrender their procedure merely because they have concurrent jurisdiction with federal courts. *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352, 358 (1951); *Horn v. Atchison, Topeka and Santa Fe Railway Co.*, 519 S.W.2d 894, 896 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). Thus, we apply Texas evidence standards.

In considering a "no evidence" or "insufficient evidence" point of error, we follow the guidelines set out in *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). We presume that the trial court did not include any improper elements of damages and disregarded incompetent evidence in reaching its decision. *Lykes Brothers Steamship Co. v. Benben*, 601 S.W.2d 418, 424 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). We must further presume any omitted facts which support the judgment, when supported by evidence. *Alkas v. United Savings Ass'n*, 672 S.W.2d 852, 857 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Appellee is a laborer. Evidence of future loss of earning capacity includes appellee's statements that he did not think he could do his job as well now as he could have had he not been injured, that he did not reveal his impairment to his employer because he needed a job, that he worried that he would be terminated, and that he worried about his ability to support his family in the future. Dr. Bernard Perron, the orthopedic surgeon who treated appel-

lee, testified to the importance of the first toe and assessed the impairment at 25% of appellee's foot.

Appellant complains that no tables were introduced to show appellee's work life expectancy. However, a fact finder is not bound by life expectancy tables. *Roberts v. Tatum*, 575 S.W.2d 138, 142 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Appellee testified that he was 35 years old and that, except for his foot, he was in good health and that he expected to live an ordinary lifetime.

Appellant also complains that the court did not subtract taxes. Taxes are not a proper consideration in damage awards in Texas. *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931, 945 (1956); *St. Louis Southwestern Railway Co. v. Greene*, 552 S.W.2d 880, 884 (Tex.Civ.App.—Texarkana 1977, no writ) (FELA case).

In response to point two, we note that damages in *Lykes* included past and future physical impairment separately from loss of earnings. *Lykes* at 424. This Court also upheld separate awards for physical impairment and loss of earnings in *Roberts* at 140. The evidence supports an award for physical impairment in addition to loss of earnings. Dr. Perron testified that the toe helps in walking, climbing, and running. Appellee testified that he used to enjoy off-work activities such as baseball and soccer, and that he also cannot dance or bowl any more.

Appellant cannot challenge the lack of findings when it failed to timely request addition or amendment. TEX.R. CIV.P. 298 and 299. Moreover, in Texas courts, damages for loss of earning capacity do not have to be based on any specific degree of physical impairment, but can be based on a composite of all of the factors affecting earning capacity. We overrule points one and two.

By point three, appellant contends that the award for past and future disfigurement gives appellee a double recovery

with the award for past and future pain and suffering and mental anguish, and that, in the alternative, the awards in these categories are so excessive as to shock the sense of justice. We refuse to presume that the trial court included improper elements in its findings. Disfigurement is recognized as a separate element of recovery. *Texas Farm Products Co. v. Leva,* 535 S.W.2d 953, 959 (Tex.Civ.App.—Tyler 1976, no writ); *Houston Lighting & Power Co. v. Reed,* 365 S.W.2d 26, 30 (Tex.Civ. App.—Houston 1963, writ ref'd n.r.e.).

■ Evidence supporting the award for disfigurement included the amputation of his toe, scars, and that the top of appellee's foot was black at the time of trial, a year and a half after the injury. Evidence supporting the award for pain, suffering, and mental anguish includes appellee's testimony that he is depressed and embarrassed, that his injury has restricted his relationships with friends and neighbors, and that every step is painful.

■ Moreover, the awards of $100,000 for past and future pain and suffering and mental anguish and of $25,000 for disfigurement do not shock our conscience. Appellant has the burden of showing excessiveness of damages. *In re D.E.W., Jr.,* 654 S.W.2d 33, 36 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *Hammond v. Stricklen,* 498 S.W.2d 356, 363 (Tex.Civ. App.—Tyler 1973, writ ref'd n.r.e.). We indulge every inference in favor of the findings. *Browning v. Paiz,* 586 S.W.2d 670, 678 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Southern Pacific Transportation Co. v. Peralez,* 546 S.W.2d 88, 98 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). We overrule point three.

We AFFIRM the judgment.