Affirmed as Modified and Opinion filed July 24, 2008








Affirmed as Modified and Opinion filed July 24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00510-CV

_______________

 

THE KROGER CO., Appellant

 

V.

 

DAN BROWN, Appellee

                                                                                                                                               


On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 02-33970

                                                                                                                                               


 

O P I N I O N

In this
negligence suit based upon a misfilled pharmacy prescription, The Kroger Co.
appeals the portion of a judgment awarding appellee, Dan Brown, damages for
past disfigurement.  In its sole issue, Kroger contends the trial court erred
by denying its motion for judgment notwithstanding the verdict (AJNOV@) and/or partial motion to disregard
because the evidence is legally insufficient to support the jury=s finding that Brown sustained
disfigurement.  Because we agree with Kroger=s contention, we modify the trial
court=s judgment to reduce the award of
actual damages from $32,440 to $19,440 and affirm the judgment as modified.








I.  Background

Viewing
the evidence in the light most favorable to the jury=s verdict, in April 2000, Brown was
diagnosed with a viral infection of his left innerBear.  His doctor prescribed several
medications, including Prednisone, a steroid. Brown filled the prescriptions at
a Kroger pharmacy.  The pharmacist dispensed a lower dosage of Prednisone than
prescribed.  According to Brown, his ingestion of the lower dosage caused the
infection to linger until the mistake was detected.  Brown claimed the
lingering infection caused damage to his left inner-ear, resulting in various
adverse effects.

Brown
sued Kroger for negligence and malice, seeking to recover actual and exemplary
damages.  The jury found that Kroger and Brown were both negligent and
attributed 50% responsibility respectively.  The jury also found that Kroger
did not act with malice.  The jury awarded $6,000 for past physical pain and
mental anguish, $18,000 for future physical pain and mental anguish, and
$26,000 for past disfigurement.  Kroger filed a motion for JNOV and/or partial
motion to disregard, arguing there was no evidence to support the jury=s finding regarding disfigurement.  
The trial court denied the motion and rendered judgment that Brown recover
$32,440 in actual damages, plus post-judgment interest and costs.  Kroger
appeals only the portion of the judgment awarding damages for past
disfigurement.[1]

 

 








II.  Discussion

In its
sole issue, Kroger contends the trial court erred by denying Kroger=s motion for JNOV and awarding
disfigurement damages because the evidence is legally insufficient to support
the jury=s finding that Brown sustained
disfigurement.

A.        Standard of
Review

We
review denial of a motion for JNOV under a legal-sufficiency standard.  Manon
v. Solis, 142 S.W.3d 380, 387 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied).  When examining a legal-sufficiency challenge, we review the evidence
in the light most favorable to the challenged finding and indulge every
reasonable inference that would support it.  City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable evidence if reasonable
jurors could and disregard contrary evidence unless reasonable jurors could
not.  Id. at 827.  The evidence is legally sufficient if it would enable
reasonable and fair‑minded people to reach the verdict under review.  Id.








 Pursuant
to Texas Rule of Appellate Procedure 34.6(c), this appeal is based on a partial
reporter=s record.  See Tex. R. App. P.
34.6(c).  Kroger requested a partial reporter=s record consisting of the testimony
of Dan and Diane Brown and any exhibits offered and admitted through their
testimony.  In the request, Kroger stated that its sole issue on appeal would
be a challenge to the sufficiency of evidence supporting the disfigurement
finding.  See Tex. R. App. P. 34.6(c)(1) (providing, if appellant
requests a partial reporter=s record, appellant must include in the request a statement
of issues to be presented on appeal and will then be limited to those issues). 
Brown did not designate additional testimony and exhibits to be included in the
reporter=s record.  See Tex. R. App. P.
34.6(c)(2) (providing, any other party may designate additional testimony and
exhibits to be included in reporter=s record).  Mrs. Brown did not
testify at trial, so the partial reporter=s record contains Mr. Brown=s testimony and one exhibit.
Therefore, we review Brown=s testimony and the exhibit to determine whether they are
legally sufficient to support the jury=s finding that he sustained
disfigurement. See Tex. R. App. P. 34.6(c)(4) (providing, if the
appellant complies with Rule 34.6(c)(1), appellate court must presume partial
reporter=s record designated by parties
constitutes entire record for purposes of reviewing stated issues, even a
challenge to legal or factual sufficiency of evidence to support a specific
fact finding). 

B.        Brown=s Testimony

The pertinent
portion of Brown=s testimony is undisputed for purposes of this appeal.[2]  
Specifically, Brown explained the adverse effects of the inner-ear damage.  He
described various Ainternal@ problems including ringing, pain, hypersensitivity to loud
sounds, distortion of sounds, and inability to hear soft sounds.  However, he
identified only one adverse effect that he characterized as disfigurement: to
engage in conversation, AI keep my head kind of turned down to the right so I can keep
my good ear towards you.@  He further testified, Athat=s the only scar, I think - - visible
scar, I think, I have from the whole thing, is hanging my head down. 
Everything else is internal.@  Accordingly, we must decide whether Brown=s turning his head down to point his Agood ear@ toward the speaker when engaging in
conversation constitutes disfigurement.  For the reasons explained below, we
conclude this condition does not constitute disfigurement. 

C.        Definition
of ADisfigurement@








Initially,
we note both parties cite cases addressing disfigurement under Texas law. 
However, in this case, no definition of disfigurement, much less the definition
recognized under Texas law, was submitted in the jury charge.  The jury was
merely asked to determine an amount that would compensate Brown for various
elements of damages, if any, including A[d]isfigurement sustained in the
past.@[3]  In addition, the jury was
instructed, AWhen words are used in this charge in a sense which varies from the
meaning commonly understood, you are given a proper legal definition, which you
are bound to accept in place of any other meaning.@

Therefore,
we measure sufficiency of the evidence against the commonly-understood meaning
of disfigurement.  See Osterberg v. Peca, 12 S.W.3d 31, 55 (Tex.
2000) (holding, when no objection is made to jury issue, sufficiency of
evidence is measured against charge given by court rather than some other
unidentified law);  EMC Mortgage Corp. v. Jones, 252 S.W.3d 857, 868B69 (Tex. App.CDallas 2008, no pet. h.) (measuring
sufficiency of evidence to support jury=s finding of liability for Aunreasonable collection@ based on common meaning of Aunreasonable@ absent definition of legal meaning
in jury charge); Ancira Enters., Inc. v. Fischer, 178 S.W.3d 82, 93
(Tex. App.CAustin 2005, no pet.) (applying definition of Amalice@ actually submitted to jury rather
than stricter definition applicable in a retaliation suit).

However,
the legal and common meanings of Adisfigurement@ are quite similar.  Under Texas law,
Adisfigurement@ has been defined as Athat which impairs or injures the
beauty, symmetry, or appearance of a person . . . that which renders unsightly,
misshapen or imperfect, or deforms in some manner.@  Goldman v. Torres, 161 Tex.
437, 341 S.W.2d 154, 160 (1960); SunBridge Healthcare Corp. v. Penny,
160 S.W.3d 230, 252 (Tex. App.CTexarkana 2005, no pet.).








With
respect to layman=s language, popular dictionaries contain similar definitions
of Adisfigure,@ including:  Ato impair (as in beauty) by deep and
persistent injuries@;  Merriam-Webster=s Collegiate Dictionary 332 (10th Ed. 2002); Ato blemish or spoil the appearance or
shape of; deform.@  The American
Heritage Dictionary 404 (2nd Col. Ed. 1991).  Consequently, authority
considering whether a condition constitutes disfigurement under Texas law might
be persuasive in this case.

D.        Kroger=s Argument 

Kroger
presents two interrelated arguments to support its contention that Brown=s condition does not constitute
disfigurement.  First, Kroger contends that, under Texas law, disfigurement
requires some sort of physical blemish to the claimant=s body.  Kroger cites Keeler v.
Richards Manufacturing Co., in which the plaintiff sued the manufacturer
and distributor of a compression hip screw that broke after implantation in her
hip.  817 F.2d 1197, 1199 (5th Cir. 1987).  On appeal, the court held that the
evidence was insufficient  under Texas law to support the jury=s award of damages for past and
future disfigurement.  Id. at 1201B02.  Specifically, the record did not
support the plaintiff=s allegation on appeal that she sustained extensive permanent
scarring as a result of two hip replacement operations.  Id. at 1201. 
The court further opined that the mere fact the plaintiff required crutches or
a cane was not evidence of disfigurement, but evidence of physical impairment. 
Id. at 1201B02.[4]








Kroger
also cites Texas cases upholding disfigurement findings when the injury at issue
caused, or was expected to cause, a physical blemish to the claimant=s body.  See, e.g., Durham
Transp. Co., Inc. v. Beettner, 201 S.W.3d 859, 869 (Tex. App.CWaco 2006, pet. denied) (anticipated
scarring from future back surgery); SunBridge Healthcare, 160 S.W.3d at
252 (significant swelling, distortion, and discoloration of face and hands and
tongue partially bitten off); Schindler Elevator Corp. v. Anderson, 78
S.W.3d 392, 413 (Tex. App.CHouston [14th Dist.] 2001, pet. granted, judgm=t vacated w.r.m.), disapproved of on
other grounds by Roberts v. Williamson, 111 S.W.3d 113 (Tex. 2003)
(three amputated toes, misshapen remaining toes, bottom of foot damaged, and
scar from skin graft, plus probable future loss of remaining toes and bone
overgrowth); Transit Mgmt. Co. of Laredo v. Sanchez, 886 S.W.2d 823, 826
(Tex. App.CSan Antonio 1994, no writ) (discoloration on face due to burn); Goldston
Corp. v. Hernandez, 714 S.W.2d 350, 353 (Tex. App.CCorpus Christi 1986, writ ref=d n.r.e.) (amputation of toe,
scarring, and black discoloration of foot); Nw. Mall, Inc. v. Lubri-Lon Int=l, Inc., 681 S.W.2d 797, 804 (Tex. App.CHouston [14th Dist.] 1984, writ ref=d n.r.e.) (three past hip surgeries
causing scars and anticipation of three future hip surgeries, each leaving
bigger scars); Tex. Farm Prods. Co. v. Leva, 535 S.W.2d 953, 957, 959
(Tex. Civ. App.CTyler 1976, no writ) (amputation of little finger, ring
finger permanently stiffed into curved position, and skin grafts and exposed
tissue on hand).  Kroger contends that, unlike the claimants in these cases,
Brown sustained no physical blemish, such as scarring or other deformity.

Second,
Kroger asserts that Brown produced evidence of, at most, physical impairment of
his ability to communicateCnot disfigurement.  APhysical impairment@ encompasses loss of the injured
party=s former lifestyle, the effect of
which must be substantial and extend beyond any pain, suffering, mental
anguish, lost wages, or diminished earning capacity. Patlyek v. Brittain,
149 S.W.3d 781, 785B86 (Tex. App.CAustin 2004, pet. denied); see Golden Eagle
Archery, Inc. v. Jackson, 116 S.W.3d 757, 772 (Tex. 2003).

Kroger
relies on Patlyek, in which the plaintiff injured his neck in an
automobile accident.  149 S.W.3d at 783.  The court held that the plaintiff=s inability to rotate his head to the
left was evidence of physical impairment because this condition obviously
impacted day-to-day activities.  Id. at 787B88.  Kroger also cites other cases in
which courts upheld findings of physical impairment when the injury affected
the plaintiff=s ability to speak or communicate.  See, e.g., Beettner,
201 S.W.3d at 867; SunBridge Healthcare, 160 S.W.3d at 253; Ramirez
v. Fifth Club, Inc., 144 S.W.3d 574, 591B92 (Tex. App.CAustin 2004), rev=d in part on other grounds, 196 S.W.3d 788 (Tex. 2006).  Kroger
argues Brown may not recover damages for disfigurement which more appropriately
represent physical impairment.








E.        Brown=s Response

In
response, Brown correctly asserts that the definition of disfigurement under
Texas law does not specifically state that a physical blemish is required.  See
Goldman, 341 S.W.2d at 160; SunBridge Healthcare, 160 S.W.3d at
252.  Further, as Brown argues, the Keeler court did not affirmatively
state that a physical blemish is required to establish disfigurement.  See
817 F.2d at 1201B02.[5] 
Additionally, as Brown notes, in the Texas cases cited by Kroger upholding a
disfigurement finding, the claimant indeed sustained some sort of physical
blemish; but, these courts did not affirmatively hold that a physical blemish
is required to support a disfigurement finding.  See Beettner, 201
S.W.3d at 869; SunBridge Healthcare, 160 S.W.3d at 252; Schindler
Elevator, 78 S.W.3d at 413; Sanchez, 886 S.W.2d at 826; Goldston
Corp., 714 S.W.2d at 353; Nw., 681 S.W.2d at 804; Leva, 535
S.W.2d at 957, 959.








Moreover,
Brown contends the cases cited by KrogerCfinding that an inability to
communicate constituted physical impairmentCdo not foreclose the possibility a
plaintiff may sustain both physical impairment and disfigurement.  As Brown
asserts, the Patlyek court considered only whether the plaintiff
experienced physical impairment and did not address disfigurement.  See 149
S.W.3d 781.  Brown correctly notes that the same injury can cause physical
impairment and disfigurement, although the Texas Supreme Court has
cautioned that a claimant should not be compensated more than once for the same
elements of loss or injury.  See Golden Eagle Archery, 116 S.W.3d
at 772.  For instance, in two cases cited by Kroger, the evidence supported
findings of both physical impairment and disfigurement where these elements
compensated the plaintiff for different aspects of damages caused by the injury
at issue.  See Beettner, 201 S.W.3d at 868B69 (one party=s pain when participating in
athletics, caused by back injury, supported physical impairment finding; and
anticipated scarring after future back surgery constituted future
disfigurement); SunBridge Healthcare, 160 S.W.3d at 252B53 (swelling, distortion, and
discoloration of face and hands and tongue partially bitten off, caused by
nursing-home patient=s fall from wheelchair, constituted disfigurement; and
inability to communicate, socialize, or function in any meaningful manner was
physical impairment).

Brown
primarily relies on Terry v. Garcia, in which a jury awarded the
claimant various elements of damages for injuries sustained in an automobile
accident.  800 S.W.2d 854, 855 (Tex. App.CSan Antonio 1990, writ denied).  On
appeal, the court held  the evidence was sufficient to support the award of
damages for past and future disfigurement.  Id. at 858.  The plaintiff
had a stiff neck, he was required to turn his body to look left or right, and
this condition was permanent.  Id.  The court held that Aa change in appearance, such as a
stiff neck, is sufficient to raise disfigurement as an element of damage.@  Id.  Brown argues that the Terry
plaintiff=s need to alter his appearance by turning his body to look left or right
is analogous to Brown=s need to alter his appearance by turning his head to engage
in conversation.

In sum,
Brown contends that no physical blemish is required under Texas law to
establish disfigurement; rather, Brown=s turning his head down to engage in
conversation is an injury to his appearance sufficient to establish
disfigurement.

F.        Disfigurement
Analysis

Although
the definition of disfigurement under Texas law and Texas authority discussing
disfigurement have not affirmatively stated that a physical blemish is
required, we conclude Brown=s condition at issue does not rise to the level of
disfigurement.  Further, although the same injury may cause physical impairment
and disfigurement, we conclude that Brown=s condition at issue constitutes only
physical impairmentCnot disfigurement.








In
particular, we disagree that Terry is instructive.  The Terry
court=s discussion of disfigurement damages
was scant.  See 800 S.W.2d at 858.  The court did not state that the
plaintiff=s need to turn his body to look left or right alone constituted
disfigurement.  See id.  Rather, the court referenced the stiff
neck itself as a Achange in appearance,@ although the court did not detail
this change in appearance.  See id.  Therefore, the court
suggested the plaintiff=s neck was constantly maintained in a position that
negatively impacted his appearance; i.e., he looked Astiff-necked.@  See id.  In contrast,
Brown does not have an omni-present change in his appearance.  Instead, he
adjusts his head only when engaging in conversation.  Regardless, even if the Terry
court did decide that the plaintiff=s need to turn his body to look left
or right constituted disfigurement, we disagree.

Instead,
we conclude that Keeler is more persuasive in this case.  Specifically, Keeler
supports a conclusion that not every physical movement affecting one=s appearance, even if necessitated by
an injury, constitutes disfigurement.  See Keeler, 817 F.2d at
1201B02.  The use of crutches and a cane,
as in Keeler, requires a person to make a physical adjustment and
obviously draws attention to the person=s appearance.  However, these items
were used to compensate for impairment of the plaintiff=s mobility and did not establish
disfigurement.  See id.

Similarly,
Brown=s turning his head down to engage in
conversation does not establish disfigurement.  Brown=s underlying injury is hearing loss
caused by the inner-ear infection.  Brown does not have any external
damage to his body caused by the inner-ear infection.  Rather, Brown is
required to make a physical movement to compensate for internal damage. 
We hold that this physical movement necessary to compensate for Brown=s hearing impairment is not a change
in his appearance sufficient to constitute disfigurement.








Moreover,
as we have discussed, because no legal definition of disfigurement was
submitted to the jury, we must address whether Brown could be considered
disfigured under the common meaning of the term.  We conclude no reasonable
juror could consider Brown disfigured based on any meaning of the term. 
Clearly, there are numerous activities of daily life which require even a
healthy or whole person to turn his head or make other physical adjustments. 
Specifically, it is common for every person to occasionally turn an ear toward
another person to hear the person speak.  Therefore, a reasonable person
speaking with Brown would not consider him disfigured based on this action. 
Rather, a reasonable person speaking with Brown would believe he is, at most,
hearing impaired. 

III.  Conclusion

In sum,
we hold the evidence is legally insufficient to support the jury=s finding that Brown sustained
disfigurement.  Accordingly, the trial court erred by denying Kroger=s motion for JNOV and rendering a
judgment that included an award for disfigurement damages.  We sustain Kroger=s sole issue.

The jury
assessed disfigurement damages of $26,000.  However, the jury also found that
Kroger and Brown were each 50% negligent.  Thus, Kroger was liable for only 50%
of the damages assessed by the jury.  See Tex. Civ. Prac. & Rem.
Code ' 33.012(a) (Vernon Supp. 2007). 
Therefore, $13,000 of the $32,440 actual damages awarded in the judgment
represented recovery for disfigurement.  Accordingly, we modify the judgment to
reduce the award of actual damages from $32,440 to $19,440 and affirm the
judgment as modified.[6]

 

 

/s/        Charles
W. Seymore

Justice

Judgment rendered and Opinion filed July 24, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.









[1]  Brown also sued defendants named Bridgette Scott
Johnson and Rashawn Dennis.  Dennis was named as an appellant on Kroger=s notice of appeal and briefs.  Brown=s wife, Diane, was also named as a plaintiff in this
suit and an appellee on the parties=
briefs.  However, only Mr. Brown=s
claims and Kroger=s alleged liability were submitted in the jury charge.
Further, judgment was rendered solely in favor of Mr. Brown and against
Kroger.  Therefore, we will treat Mr. Brown and Kroger as the only parties to
this appeal.  Additionally, Brown filed a cross-notice of appeal, challenging
the jury=s apportionment of 50% negligence to Brown, but he
subsequently dismissed his cross-appeal.  Accordingly, we will consider only
Kroger=s appellate contention.





[2]  The one exhibit included in the partial reporter=s record is a compilation of life-expectancy tables
and is immaterial to our disfigurement analysis.





[3]  We note, however, that the damages question was
identical in pertinent respects to the Texas Pattern Jury Charge concerning
personal-injury damages, which does not include a definition of Adisfigurement.@  See
Texas Pattern Jury Charges PJC 8.2 (2006).

 

 





[4]  The court first used the term Adisability@
but then referred to Aphysical impairment,@ thus apparently using these terms interchangeably.  See Keeler,
817 F.2d at 1201B02.





[5]  The Keeler defendant argued the plaintiff was
not disfigured because she suffered no serious scarring or other physical
deformity.  Id. at 1201.  The court held there was insufficient evidence
of disfigurement because the plaintiff failed to substantiate her claim that
she sustained extensive scarring.  Id.  However, the court did not
affirmatively hold that a physical blemish is always required to establish
disfigurement under Texas law.  See id.  at 1201B02.





[6]  The total award of actual damages in the judgment
exceeded 50% of the total damages assessed by the jury.  The trial court may
have included pre-judgment interest because it separately awarded post-judgment
interest and costs.  However, the judgment does not reflect why the actual
damages awarded are greater than 50% of the total damages assessed by the
jury.  Specifically, the judgment does not mention pre-judgment interest, much
less what portion of the actual damages, if any, was pre-judgment interest on
the disfigurement damages. Additionally, in Kroger=s brief, it merely prays that Ajudgment awarding past disfigurement damages be, in
all things, reversed and rendered.@ 
Accordingly, we have modified the judgment to reduce the award of actual
damages by $13,000Crepresenting 50% of the disfigurement damages assessed
by the jury.