

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00424-CV

**UNITED INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

Patricia Y. **MAYERS**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2021-CVH001030-D1
Honorable Joe Lopez, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:       Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: February 15, 2023

REVERSED AND RENDERED IN PART; AFFIRMED IN PART

Appellant United Independent School District appeals the trial court's denial of its plea to the jurisdiction. We reverse the trial court's order and render judgment for UISD as to appellee Patricia Y. Mayers's sex, age, and national origin discrimination and retaliation claims under the Texas Labor Code, national origin discrimination claim under Title VII of the Civil Rights Act of 1964, and age discrimination claim under the Age Discrimination in Employment Act of 1967. We affirm the trial court's order denying UISD's plea to the jurisdiction as to Mayers's sex discrimination and retaliation claims under Title VII.

**BACKGROUND**

UISD is a public school district in Webb County, Texas. Mayers is a teacher at a UISD school. On February 28, 2019, Mayers filed a Charge of Discrimination with both the Equal Employment Opportunity Commission and the Texas Workforce Commission (the administrative charge). In the administrative charge, Mayers alleged UISD had treated her differently than two male teachers and stated, "I believe I was discriminated against because of my sex, female[.]" She also contended UISD had retaliated against her for complaining about the alleged discriminatory treatment. The administrative charge did not claim that UISD discriminated against Mayers based on any other protected characteristics.

On April 1, 2021, Mayers received a Dismissal and Notice of Rights from the EEOC (the right-to-sue letter). The right-to-sue letter stated the EEOC would "not proceed further with its investigation" into Mayers's claims and informed Mayers that she "may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court." The right-to-sue letter further stated, "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost" and "The time limit for filing suit based on a claim under state law may be different."

On June 1, 2021, Mayers sued UISD in Texas state court and attached the administrative charge to her original petition. Her original petition alleged UISD had discriminated against her based on her sex, national origin, and age and had retaliated against her. The petition described those allegations as "Violations of the Texas Labor Code." The petition and an attached sworn statement also described incidents in which UISD had allegedly treated two male teachers differently from Mayers and had retaliated against her for complaining of that treatment. Section V, paragraph 9 of Mayers's original petition additionally asserted that UISD had discriminated against Mayers "because of her sex, (female) and retaliated against [her] in violation of Title VII

of the Civil Rights Act of 1964, as amended[.]" Mayers's original petition did not make any other references to Title VII.

In its answer to Mayers's original petition, UISD denied that all conditions precedent to Mayers's claims had been satisfied, alleged affirmative defenses of governmental immunity and failure to exhaust administrative remedies, and argued Mayers's claims were barred by limitations. UISD also specially excepted to section V, paragraph 9 of Mayers's petition, asserting that "no allegations are presented to support a claim that any of [Mayers's] rights were violated by the alleged actions of UISD." UISD's special exceptions did not contend that Mayers failed to plead the elements of a Title VII claim or complain about any factual errors in Mayers's petition. The record does not show that UISD obtained a ruling on its special exceptions.

UISD filed a plea to the jurisdiction arguing that it was immune from Mayers's lawsuit because she failed to comply with statutory prerequisites to her claims. Specifically, it argued Mayers did not timely file her lawsuit, did not exhaust all applicable administrative remedies because she did not assert claims of national origin or age discrimination in the administrative charge, and did not plead facts sufficient to set forth a prima facie case under the Texas Commission on Human Rights Act (TCHRA).

Mayers did not file a written response to UISD's plea to the jurisdiction. Instead, she filed an amended petition that repeated her state law discrimination claims and added a new section explicitly alleging that UISD had discriminated against her in violation of two federal statutory schemes: the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964. UISD then supplemented its plea to the jurisdiction and argued: (1) Mayers's original petition did not properly plead any federal claims; and (2) the federal claims asserted in her amended petition did not relate back to the state law claims asserted in her original petition because the state law claims were time-barred.

After a hearing, the trial court denied UISD's plea to the jurisdiction. UISD now appeals.

## ANALYSIS

UISD asks us to reverse the trial court's order denying its plea to the jurisdiction because Mayers: (1) filed her state law TCHRA claims after the expiration of the applicable two-year statute of limitations; (2) failed to comply with exhaustion of remedies requirements applicable to her TCHRA, Title VII, and ADEA claims; and (3) did not adequately plead her Title VII and ADEA claims until after the expiration of a deadline imposed by federal law. We will consider Mayers's TCHRA and federal claims separately.

### *TCHRA Claims*

#### *Standard of Review and Applicable Law*

"A plea to the jurisdiction is a dilatory plea that defeats a cause of action whether the claims have merit or not." *Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 267 (Tex. 2018). "[W]e review a trial court's ruling on a plea to the jurisdiction de novo." *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). When a plea to the jurisdiction challenges the pleadings, we must determine "if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleaded facts do not affirmatively demonstrate the trial court's jurisdiction but also do not reveal incurable jurisdictional defects, the plaintiff should be allowed to amend. *Id.* at 226–27. However, "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227. "Our ultimate inquiry is whether the particular facts presented affirmatively demonstrate a claim

within the trial court's subject-matter jurisdiction." *City of San Antonio by & Through City Pub. Serv. Bd. of San Antonio v. Smith*, 562 S.W.3d 75, 79 (Tex. App.—San Antonio 2018, pet. denied).

Because UISD is a public school district, it is a governmental entity and is "generally entitled to governmental immunity from liability and suit." *El Paso Educ. Initiative, Inc. v. Amex. Props., LLC*, 602 S.W.3d 521, 526 (Tex. 2020). A plaintiff suing a governmental entity must establish that the entity has consented to suit, "which may be alleged either by reference to a statute or to express legislative permission." *Smith*, 562 S.W.3d at 80. If the plaintiff does not establish that the governmental entity has consented to suit, the governmental entity is immune, and the trial court lacks subject-matter jurisdiction to hear the dispute. *Miranda*, 133 S.W.3d at 224.

TCHRA, which is codified in the Texas Labor Code, provides that an employer may not take certain adverse actions against an employee "because of race, color, disability, religion, sex, national origin, or age" or retaliate against employees who assert claims of discriminatory practices. TEX. LAB. CODE ANN. §§ 21.051, 21.055. TCHRA "clearly and unambiguously waives immunity" for claims against governmental entities like UISD. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008). Nevertheless, in Texas, "[s]tatutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. These statutory prerequisites include timely "filing a [pre-suit] charge of discrimination" and "timely filing a lawsuit." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012). These statutory prerequisites can operate as a jurisdictional bar to a lawsuit against a governmental entity, even if the plaintiff identifies a statute that would otherwise waive immunity. *See id.*

As a prerequisite to filing suit, "a TCHRA action requires an exhaustion of administrative remedies that begins by filing a complaint with the Texas Workforce Commission civil rights division[.]" *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010); *see also* TEX. LAB.

CODE ANN. § 21.201. If the administrative process results in a right-to-sue letter, a plaintiff asserting TCHRA violations "may bring a civil action against" a defendant employer within sixty days of receiving that letter. TEX. LAB. CODE ANN. § 21.254. Additionally, "[a] civil action may not be brought under [TCHRA] later than the second anniversary of the date the [administrative] complaint relating to the action is filed." TEX. LAB. CODE ANN. § 21.256. Section 21.256's two-year statute of limitations "is separate from and in addition to the requirement of section 21.254 that suit must be filed within sixty days of receiving notice of the right to sue." *Univ. of Tex.-MD Anderson Cancer Ctr. v. Porter*, No. 14-17-00107-CV, 2017 WL 5196146, at *3 (Tex. App.—Houston [14th Dist.] Nov. 2, 2017, no pet.) (mem. op.); *see also Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied) (holding TCHRA complainant must satisfy both section 21.254 and section 21.256).

*Application*

Mayers filed her administrative complaint on February 28, 2019. She filed her original petition alleging discrimination and retaliation claims under TCHRA more than two years later, on June 1, 2021. Her TCHRA claims were therefore time-barred as a matter of law. TEX. LAB. CODE § 21.256; *Porter*, 2017 WL 5196146, at *3. Because UISD is a governmental entity, Mayers's failure to satisfy TCHRA's two-year statute of limitations is a jurisdictional bar to her TCHRA claims. *See* TEX. GOV'T CODE ANN. § 311.034; *Chatha*, 381 S.W.3d at 514. Accordingly, we reverse the portion of the trial court's order that denies the plea to the jurisdiction as to Mayers's TCHRA claims. *See Chatha*, 381 S.W.3d at 516. Since Mayers's pleadings affirmatively negate the trial court's jurisdiction over her TCHRA claims, we render judgment dismissing those claims. *See id.*; *Miranda*, 133 S.W.3d at 227. Because this issue is dispositive of Mayers's TCHRA claims, we need not consider UISD's argument that Mayers failed to exhaust administrative remedies applicable to those claims. TEX. R. APP. P. 47.1.

***Title VII and ADEA Claims***

*Standard of Review and Applicable Law*

Title VII provides that an employer may not take certain adverse actions against an employee "because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a). Title VII also prohibits employers from taking retaliatory action against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Similarly, the ADEA provides that an employer may not take certain adverse actions against an employee "because of such individual's age" and prohibits employers from retaliating against employees who oppose or make a charge of such treatment. 29 U.S.C. § 623(a), (d). Federal and state courts have concurrent jurisdiction over Title VII and ADEA claims. *See* 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. § 626(c)(1). In reviewing a federal law claim filed in Texas state court, we apply federal substantive law and Texas procedural law. *See BNSF Ry. Co. v. Phillips*, 485 S.W.3d 908, 910 (Tex. 2015) (per curiam). As with Mayers's state law claims, the trial court's subject matter jurisdiction over Mayers's federal claims presents a question of law we review de novo. *See Van Dorn Preston v. M1 Support Servs., L.P.*, 642 S.W.3d 452, 459 (Tex. 2022).

Federal law required Mayers to file her Title VII and ADEA claims within ninety days of receiving the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); 29 C.F.R. § 1626.18(c); *see also BNSF Ry.*, 485 S.W.3d at 910 (applying federal statute of limitations in state court). Federal law also required Mayers to list each of her individual claims in the administrative charge. *See, e.g.*, *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006) (Title VII); 29 C.F.R. § 1614.06(c) (Title VII); 29 U.S.C. § 626(d) (ADEA). If Mayers failed to meet those federal statutory prerequisites, the trial court lacked subject-matter jurisdiction over her Title VII and

ADEA claims against UISD as a matter of Texas law. *See* TEX. GOV'T CODE § 311.034; *Chatha*, 381 S.W.3d at 514–15; *cf. also Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 920 (Tex. 1993) (recognizing, in case applying federal maritime law in Texas state court, that federal law "dictates the substantive law that governs that claim's resolution" but does not affect state court's jurisdiction over claim); *Goldston Corp. v. Hernandez*, 714 S.W.2d 350, 352 (Tex. App.—Corpus Christi–Edinburg 1986, writ ref'd n.r.e.) ("[S]tate courts do not surrender their procedure merely because they have concurrent jurisdiction with federal courts.").

*Application*

1.      Mayers's Title VII Claims

        a.      Sex discrimination and retaliation[1]

In her administrative charge, Mayers asserted that UISD had discriminated against her based on her sex and retaliated against her for complaining of that alleged treatment. Accordingly, UISD does not challenge Mayers's Title VII sex discrimination and retaliation claims on grounds that she failed to exhaust applicable administrative remedies. Instead, UISD argues that Mayers did not adequately plead those claims within ninety days of receiving the right-to-sue letter, or by June 30, 2021. *See* 42 U.S.C. § 2000e-5(f)(1). UISD argues that the only petition Mayers filed before that date—her June 1, 2021 original petition—did not adequately plead a cause of action under Title VII because: (1) the petition contained only a "superficial reference" to Title VII; and (2) the petition "contains so many errors that it is not possible for opposing counsel to identify whether Mayers' superficial reference to Title VII was nothing more than the product of mistake."

---

[1] Our holding that Mayers's sex discrimination and retaliation claims under TCHRA are time-barred is not dispositive of her sex discrimination and retaliation claims under Title VII. This is because "Title VII lacks a limitations provision parallel to the TCHRA's provision requiring that suit be filed within two years of the date the claimant filed the administrative complaint." *Goss v. City of Houston*, 391 S.W.3d 168, 174 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In Texas state court, a plaintiff's petition must "provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (citing TEX. R. CIV. P. 45, 47). In deciding whether a pleading is adequate, "we examine whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy." *The Huff Energy Fund, L.P. v. Longview Energy Co.*, 482 S.W.3d 184, 195 (Tex. App.—San Antonio 2015), *aff'd*, 533 S.W.3d 866 (Tex. 2017). "While a plaintiff is not required to plead evidence or provide a detailed rendition of the facts underlying his claims, fair notice pleading does require that the petition give 'fair and adequate notice of the facts upon which the pleader bases his claim.'" *Darnell v. Rogers*, 588 S.W.3d 295, 305 (Tex. App.—El Paso 2019, no pet.) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). If a cause of action can "be reasonably inferred from what is specifically stated," the pleading is sufficient. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

The original petition alleged that Mayers had "been discriminated [against] because of her sex, (female) and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended[.]" Additionally, both the original petition and Mayers's sworn statement attached to that petition alleged facts that purported to show UISD had treated Mayers differently than two named male teachers and had retaliated against her for complaining of that treatment. *Cf. Univ. of Tex. at El Paso v. Esparza*, 510 S.W.3d 147, 157–58 (Tex. App.—El Paso 2016, no pet.) (holding petition's invocation of statutory cause of action did not satisfy fair notice test because plaintiff "failed to include the factual basis" for her claim in the petition).

UISD notes that Mayers's original petition appears to contain numerous factual errors, and it argues those errors effectively denied it fair notice of Mayers's Title VII sex discrimination and retaliation claims. However, UISD's special exceptions did not challenge those errors or ask Mayers to clarify any erroneous statements. *See Boyles*, 855 S.W.2d at 601 ("[I]n the absence of

special exceptions, the petition should be construed liberally in favor of the pleader."). Additionally, after reviewing the petition as a whole, we cannot say the alleged errors were so pervasive as to deprive UISD of notice of Mayers's intent to plead sex discrimination and retaliation claims under Title VII. *See id.* Mayers's explicit reference to Title VII, her contentions that she had been treated differently than two specifically identified male UISD employees, and her description of retaliatory treatment in response to her complaints about that different treatment were sufficient to put UISD on notice to prepare a defense to her Title VII sex discrimination and retaliation claims. *See DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 835 (Tex. 2018) ("The key inquiry is whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant.") (internal quotation marks omitted).

Title VII required Mayers to file her claims within ninety days of receiving the right-to-sue letter, and we conclude Mayers satisfied that burden. *See* 42 U.S.C. § 2000e-5(f)(1). Because UISD has not identified any other statutory prerequisites to suit that Mayers failed to satisfy with regard to her Title VII sex discrimination and retaliation claims, the trial court did not err by denying UISD's plea to the jurisdiction as to those claims.

### b. National origin

We reach a different conclusion as to Mayers's Title VII national origin claim. "Title VII directs that a[n administrative] 'charge . . . shall be filed' with the EEOC 'by or on behalf of a person claiming to be aggrieved' within 180 days 'after the alleged unlawful employment practice occur[s].'" *Fort Bend County, Texas v. Davis*, __ U.S. __, 139 S. Ct. 1843, 1846 (2019) (quoting 42 U.S.C. § 2000e-5(b), (e)(1)). The United States Supreme Court has held that this statutory language establishes "a precondition to the commencement of a Title VII action in court[.]" *Id.* This is because "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment

discrimination claims." *Pacheco*, 448 F.3d at 788–89. In considering whether a plaintiff's administrative charge satisfies this requirement as to an individual claim, we look "slightly beyond its four corners, to its substance rather than its label" to determine "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 789 (internal quotation marks omitted). The Fifth Circuit has described the appropriate review as "a fact-specific inquiry into what EEOC investigations [the administrative charge] can reasonably be expected to trigger." *Id.* at 792.

Mayers's petition affirmatively shows that she failed to exhaust applicable administrative remedies for a Title VII national origin claim. Here, the administrative charge Mayers filed asserted claims of sex discrimination and retaliation, but it did not explicitly assert that UISD had discriminated against Mayers based on her national origin. Moreover, we see nothing in the administrative charge that could potentially alert an EEOC investigator that Mayers claimed UISD had discriminated against her based on her national origin. *See id.* The administrative charge does not support a conclusion that its factual allegations could "reasonably be expected to trigger" an investigation into national origin discrimination. *See id.* As a result, Mayers did not initiate—much less exhaust—the administrative remedies that serve as a condition precedent to asserting that claim in court. *See id.*

We note that the United States Supreme Court has held that Title VII's exhaustion requirement is not jurisdictional for claims filed in federal court. *See Davis*, 139 S. Ct. at 1846. As explained above, however, the Texas legislature has determined that compliance with statutory prerequisites to suit is a jurisdictional requirement for claims against a governmental entity in Texas state court. TEX. GOV'T CODE § 311.034. Accordingly, as a matter of Texas procedural law, Mayers's failure to exhaust Title VII's administrative remedies with regard to her national origin discrimination claim deprived the trial court of jurisdiction to adjudicate that claim against UISD.

*See id.*; *Chatha*, 381 S.W.3d at 515. The trial court therefore erred by denying UISD's plea to the jurisdiction as to that claim, and we are required to reverse that portion of the trial court's order. Because Mayers's pleadings affirmatively negate the trial court's jurisdiction over her Title VII claim of national origin discrimination, we render judgment dismissing that claim. *See Miranda*, 133 S.W.3d at 227.

### 2.      Mayers's ADEA Claim

The ADEA explicitly provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). Nothing in the administrative charge alleges that UISD discriminated against Mayers based on her age. Moreover, as with Mayers's national origin claim, nothing in the administrative charge supports a conclusion that an age discrimination claim "can reasonably be expected to grow out of" any investigation into the factual allegations in the charge. *See Pacheco*, 448 F.3d at 789, 792. Accordingly, the administrative charge shows on its face that Mayers failed to exhaust a statutorily required administrative remedy before she filed suit. *See* 29 U.S.C. § 626(d); *Pacheco*, 448 F.3d at 792. Because that failure presents a jurisdictional impediment to Mayers's claims against UISD as a matter of Texas state law, the trial court erred by denying UISD's plea to the jurisdiction as to Mayers's ADEA claim. We therefore reverse the trial court's order as to that claim. *See* TEX. GOV'T CODE § 311.034; *Chatha*, 381 S.W.3d at 515. Since Mayers's pleadings affirmatively negate the trial court's jurisdiction over her ADEA claim, we are required to render judgment dismissing that claim. *See Miranda*, 133 S.W.3d at 227.

### CONCLUSION

We reverse the trial court's order denying UISD's plea to the jurisdiction as to Mayers's claims under the Texas Labor Code and the ADEA and render judgment dismissing those claims.

We also reverse the trial court's order denying UISD's plea to the jurisdiction as to Mayers's claim of national origin discrimination under Title VII and render judgment dismissing that claim. We affirm the trial court's denial of UISD's plea to the jurisdiction as to Mayers's claims of sex discrimination and retaliation under Title VII.

Beth Watkins, Justice